WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Sung Hwan E&B Company Limited,
Plaintiff,
v.
Aesthetics Biomedical Incorporated, et al.,
Defendants.

No. CV-26-06322-PHX-DWL

**ORDER**

On September 21, 2026, Plaintiff filed a motion for a temporary restraining order and preliminary injunction. (Doc. 10.) Judge Logan denied the motion for a temporary restraining order and set a hearing on the motion for a preliminary injunction. (Doc. 11.)

On September 29, 2026, Defendant Aesthetics Biomedical Incorporated ("ABI") filed a response in opposition to the preliminary injunction motion. (Doc. 14.)

On October 1, 2026, this action was reassigned to the undersigned judge. (Doc. 17.) That same day, Plaintiff filed a reply. (Doc. 21.)

On October 5, 2026, ABI filed an amended response in opposition. (Doc. 23.)

On October 6, 2026, the Court held a hearing on the preliminary injunction motion. The Court stated that before digging into the merits of the motion, it needed to address "procedural happenings," noting that ABI's unauthorized amended response included information from the parties' settlement agreement, which had been designated confidential and had not yet been filed on the docket (although a hard copy had been hand-delivered to the Court's chambers), including the actual settlement amount. The Court

indicated that "for the time being" the response would be sealed, but that the temporary sealing would not be "the end of the analysis" because in federal court there is "a presumption of openness," and it appeared—"off the cuff" and "without prejudice to the parties having future filings on this"—that "at a minimum, some of the terms of the settlement ought not to be sealed" because the merits analysis "may turn, for example, on the scope of the release of claims." Therefore, "the public should be able to be familiar with the wording of that clause" because "sunlight's the great disinfectant" and the public must be made "aware of what's going on in federal court" so it can "evaluate the decisions being made." On the other hand, the Court noted that it appeared that "the actual amount of the settlement between the parties has no bearing on the analysis" and "shouldn't be made public." The Court concluded that the likely way "this is ultimately going to play out is some version of the amended [response brief] and settlement agreement are going to need to be filed on the public docket with perhaps just the settlement amount redacted," but the Court left it to the parties "to think more . . . about what exactly should be public and what shouldn't." The Court then addressed the merits and granted Plaintiff a preliminary injunction. (Docs. 25, 26.)

On October 17, 2026, Defendants filed a lightly redacted version of the amended opposition brief and settlement agreement. (Doc. 29.)

On October 20, 2026, the parties filed a stipulation to allow the redactions and file the unredacted versions of these documents under seal. (Doc. 30.)

The parties assert that the "compelling reasons" standard applies. (*Id.* at 4.) Under that standard, a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (cleaned up). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (cleaned up). "After considering these interests, if the

court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (cleaned up). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure," *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014), at which point that injury is weighed against the public's interest in disclosure. *Kamakana*, 447 F.3d at 1178-79. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The limited redactions proposed by the parties conceal only the amount of the settlement. The parties indicate that the parties contracted for confidentiality and revealing the amount of the settlement could "risk competitive and commercial harm to both Parties." (Doc. 30 at 4.)

Generally speaking, these sorts of conclusory assertions of competitive harm are insufficient to justify sealing. *See, e.g.*, *Vuz v. DCSS III, Inc.*, 2021 WL 9406130, *2 (S.D. Cal. 2021) ("Plaintiff has narrowly tailored her request to redact only the settlement amount . . . . However, . . . a confidentiality agreement, standing alone, does not by itself constitute good cause or a compelling reason to seal. The Court cannot conclude that good cause supports Plaintiff's motion to seal without any indication of what specific harm or prejudice will result if the information is disclosed."). Nevertheless, courts routinely allow settlement amounts to be kept confidential where the amount of the settlement has no bearing on any decision the court makes on the merits. *See, e.g.*, *Wells Fargo Bank, N.A. v. Saticoy Bay LLC Series 3948 Applecrest*, 2020 WL 2311560, *2 (D. Nev. 2020) ("Because the redactions are minimal and limited only to redacting settlement amounts and settlement negotiations, the Court believes that the meaningful information in the motion and response will be available to the public."); *Pessano v. Blue Cross of California*, 2025 WL 918740, *3 (E.D. Cal. 2025) ("Plaintiffs have provided compelling reasons to seal only

the settlement amount . . . ."); *Allen v. Amazon.com Servs., LLC*, 2025 WL 2380622, *3 (W.D. Wash. 2025) ("The settlement amount and associated allocations may remain redacted . . . ."); *Cantrell v. Cfcu Cmty. Credit Union*, 2026 WL 3366567, *1 (C.D. Cal. 2026) ("The parties shall publicly file redacted versions of the documents, with only the settlement amount redacted.").

Because the Court's analysis on the merits in no way involved the settlement amount, the Court will allow that information to remain redacted. The unredacted information that was previously filed on the public docket, which the Court previously ordered to be sealed (Doc. 25), shall remain sealed.

Accordingly,

**IT IS ORDERED** that the parties' stipulation (Doc. 30) is **granted**. The sealed unredacted response (Doc. 23) shall remain sealed.

Dated this 13th day of November, 2026.

Dominic W. Lanza
United States District Judge